**IN THE COURT OF APPEALS OF IOWA**

No. 14-1088
Filed April 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIC J. NEWMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes (guilty plea) and John D. Telleen (sentencing), Judges.

        Eric Newman appeals following his guilty pleas to two counts of delivery of a controlled substance. **AFFIRMED.**

        Courtney T. Wilson of Gomez May, L.L.P., Davenport, for appellant.

        Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Michael J. Walton, County Attorney, and Kelly Cunningham and Dion Trowers, Assistant County Attorneys, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

Eric Newman pled guilty to two counts of delivery of a controlled substance, in violation of Iowa Code sections 124.401(1)(c)(3) (2013). This provision requires proof of delivery of "[t]en grams or less of" a mixture or substance containing cocaine base.

Newman contends "a factual basis for a violation under Iowa Code § 124.401(1)(c)(3) was not adequately provided because [he] did not address whether the cocaine he delivered was 'ten grams or less' in his colloquy with the court." *See* Iowa R. Crim. P. 2.8(2)(b) ("The court . . . shall not accept a plea of guilty without first determining that the plea . . . has a factual basis."). He concedes the minutes of testimony addressed this element of the crime but asserts they could not be considered in establishing a factual basis because he "did not acknowledge whether he had reviewed the Minutes of Testimony with his attorney, nor did he indicate whether he accepted them as being substantially true and correct as to this element of the offense." He argues his attorney was ineffective in allowing him to plead guilty under these circumstances.

While we generally preserve ineffective-assistance-of-counsel claims for postconviction relief, we find the record adequate to address this claim on direct appeal. *See State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008). To prevail, Newman must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

An attorney who permits a defendant to plead guilty to a crime lacking in a factual basis breaches an essential duty and prejudice is presumed. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). Newman admitted he delivered or sold

crack cocaine to another person. He did not identify the precise amount of the delivered drug, but the minutes of testimony included reports specifying the net weight of the recovered cocaine base. Contrary to Newman's assertion, we may review these minutes to determine whether a factual basis exists, notwithstanding Newman's failure to ratify them during the colloquy. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) (allowing reviewing court to review "entire record before the district court" because the issue is not the defendant's subjective state of mind at the time of the guilty plea but whether the record contained an objective factual basis to support the plea). Notably, the district court informed Newman a factual basis was found "both from [his] statements and the Minutes of Testimony." On learning the minutes were considered, Newman voiced no objection.

On our de novo review, we conclude Newman's guilty pleas to two counts of delivery of a controlled substance were supported by factual bases. Accordingly, we affirm his judgments and sentences.

**AFFIRMED.**